### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL CERVENTES, individually and on behalf of all those similarly situated, **Plaintiff,** | ) ) ) ) | **Case No. 20 CV 2164** |
| v. | ) ) ) | **JUDGE _____** |
| BRIDGESTONE RETAIL OPERATIONS, LLC, BRIDGESTONE AMERICAS, INC., and BRIDGESTONE CORPORATION, **Defendants.** | ) ) ) ) | **Jury Trial Demanded** |

### PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Daniel Cervantes ("Plaintiff" or "Mr. Cervantes"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, by and through his undersigned counsel, states as follows as his Complaint against Defendant, BRIDGESTON RETAIL OPERATIONS, LLC., and BRIDGESTONE AMERICAS, INC.:

### THE PARTIES

1. Plaintiff, Mr. Cervantes, is a citizen and resident of the State of Illinois, and of Cook County and this Judicial District.

2. Defendant, Bridgestone Retail Operations, Inc. ("BRO"), operates one of the largest network of company-owned automotive service providers in the world — with more than 2,200 tire and vehicle service centers across the United States — including *Firestone Complete Auto Care*, *Tires Plus*, *Hibdon Tires Plus,* and *Wheel Works* stores. It is a subsidiary of Bridgestone Americas, Inc. At all relevant times, BRO regularly and continuously was doing and transacting business in this Judicial District.

3. Bridgestone Americas, Inc. ("BSAM"), is the U.S. subsidiary of Bridgestone Corporation, the world's largest tire and rubber company. BSAM and its subsidiaries develop,

manufacture and market a wide range of Bridgestone, Firestone and associate brand tires for a

broad range of customers, including consumers, automotive and commercial vehicle original

equipment manufacturers, and those in the agricultural, forestry and mining industries. At all

relevant times, BSAM regularly and continuously was doing and transacting business in this

Judicial District.

    4.   Defendants are or were the joint employers of Plaintiff and the employees he seeks

to represent. Plaintiff is informed and believes that each and every of the acts and omissions

alleged herein were performed by, and/or attributable to, all Defendants. The Plaintiff were

acting as agents and/or employees, and/or under the direction and control of each of the

Defendants, and that said acts and failures to act were within the course and scope of said

agency, employment and/or direction and control.

    **JURISICTION AND VENUE**

    5.   The Fair Labor Standards Act ("FLSA") authorizes private rights of action to recover

damages for violations of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court

has original federal question jurisdiction under 28 § U.S.C. § 1331. This Court has supplemental

jurisdiction over Plaintiff's State law claims because they are so related to this action that they

form part of the same case or controversy under Article III of the United States Constitution.

    6.   Venue in this District is proper pursuant to 28 U.S.C. § 1391 because, at all relevant

times, Defendants were regularly and continuously doing and transacting business in this

District, and the causes of action alleged herein arise in substantial part, out of actions taken

within this District.

## BACKGROUND FACTS

7.    As referenced above, the Defendants own and operates retail car service facilities located throughout the United States. One such facility conducts business under the name of "Firestone Complete Auto Care." This particular line of retail car service facilities will be referred to as "Defendants' Retail Operations" for purposes of this Complaint.

8.    Defendants' Retail Operations include one such facility located one located at 15930 Harlem Avenue in Tinley Park, Illinois ("the Tinley Park location"), as well as one located in Clarksville, Tennessee ("the Clarksville location").

9.    Mr. Cervantes was employed at the Clarksville location from approximately February 8, 2018, until approximately May 2019, in the position of Technician.

10. More recently, Mr. Cervantes is and has been employed at the Tinley Park location. Mr. Cervantes has been employed at the Tinley Park location since approximately May 12, 2019, in the position of Technician.

11. During his employment with the Defendants, Mr. Cervantes worked and works five days per week, either ten and one-half (10.5), or nine and one-half (9.5) hours per day.

12. During his employment with the Defendants, Mr. Cervantes and the other similarly Technicians employed by the Defendants are paid "by the car," or in other words "flat rate."

13. Defendants have *not* paid overtimes to Mr. Cervantes and the other Technicians for the hours that they worked in excess of forty (40) hours per week.

14. The manner in which Mr. Cervantes and his Technician peers received, and continue to receive, their assignments is by way of a "ticket." The tickets contain various codes that are associated with different particular labor/services to be performed on the assigned car.

15. For a particular service listed on a ticket, the lowest amount of time associated with completing that activity is one-tenth of an hour, or .10. In other words, Defendants will pay the

Technician one-tenth of an hour for performing that particular activity on a car assigned to him, even though it actually takes the Technician a longer period of time than one-tenth of an hour to complete that particular activity.

16. With respect to each ticket, or each car, Defendants pay the Technicians by multiplying the periods of time that Defendants have associated with each activity listed on the ticket by $16.50 (sixteen dollars and fifty cents). For example, if the various codes on the ticket assigned to the Technician totaled 4.0, then Defendants pay the Technician $66.00 for that car, on a before withholdings basis.

17. Many of Defendants' codes on the tickets are what are called "05" codes, meaning that - regardless of how long it takes to perform the labor associated with that code - Defendants will pay the employee .50 of an hour.

18. In addition to what is actually listed by the Defendants on the ticket to be performed, Defendants regularly direct and requires the Technicians, including Mr. Cervantes, to carry out additional labor/services - for which the employees are *not* credited or paid. With respect to Mr. Cervantes, this typically occurs six or more time per day. Based upon Mr. Cervantes' experience working for Defendants and working with other Defendants, that it typical for the Technicians.

19. A typical example of this is practice is a tire rotation. In other words, Defendants regularly require the Technicians, including Mr. Cervantes, to perform tire rotations (and other services) without receiving any compensation for those services at all.

20. Defendants direct and requires its Technicians, including Mr. Cervantes, to perform these additional uncompensated labor/services so that they can represent to those customers that they are receiving services for which they are not being charged – i.e., albeit at the expense of Mr. Cervantes and his fellow Technicians.

21. In addition, it has and is Defendants practice to regularly lists labor/services on the

tickets, and requires Mr. Cervantes and their other Technicians to perform such labor/services, but then - after the such work has been performed - Defendants "take it off" the ticket, and thus do *not* credit or pay Mr. Cervantes and the other Technicians for performing those services. A regular and typical example of this scenario involves Mr. Cervantes and the other Technicians being required by the Defendants to perform the labor associated with the complete inspection of a vehicle, which is then removed and for which Mr. Cervantes receives no credit or payment. Again, this represents another opportunity for the Defendants to claim to their customers that they are receiving services for which they are not being charged – i.e., albeit at the expense of Mr. Cervantes and his fellow Technicians.

22. Mr. Cervantes and his fellow Technicians are required by the Defendants, when they are *not* working on or assigned to a car or ticket, to remain at the location and either do nothing but wait for the next car, or to perform busy work in and around the facility. Defendants do *not* pay Mr. Cervantes and his fellow Technicians for any of that time. The amount of time for which Mr. Cervantes and his fellow Technicians are not paid at all for being present and waiting to be assigned to another car can be many hours on a "slow day," up to an entire shift.

23. Moreover, despite the fact that Mr. Cervantes and his fellow Technicians are generally scheduled for, and actually work, fifty to sixty hours per week, Defendants do *not* pay them any overtime pay at all.

5

**LEGAL CLAIMS**

**COUNT I**
**Violation of the FLSA**
**(Brought Against Defendants by Plaintiff**
**Individually, and on Behalf of All Others Similarly Situated)**

24. Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1 through 23 above as if fully set forth herein as Paragraph 24 of Count I.

25. At all times material herein, Plaintiff, and his similarly situated employee Technicians, have been entitled to the substantive rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et. seq*.

26. At all relevant times, Defendants were the "employer" and an "enterprise" within the meaning of the FLSA, and also subject to its provisions.

27. At all relevant times, Plaintiff and his similarly situated Technicians were "employees" of Defendants for purposes of the FLSA.

28. Plaintiff brings these FLSA claims as a collective action on behalf of himself and all other similarly situated current and former Technicians that worked for Defendants during the last three years before the filing of this suit.

29. During the last three years before the filing of this suit, Plaintiffs and all other similarly situated current and former Technicians have had substantially similar job descriptions, job requirements, and pay rates.

30. There are numerous similarly situated current and former Technicians who worked for Defendants, and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

31. The similarly situated current and former Technicians are known to the Defendants

6

and are identifiable in Defendants' payroll records.

32. The FLSA regulates, among other things, the payment of minimum wages and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. Defendants are subject to the overtime pay requirements of the FLSA because they are an enterprise engaged in interstate commerce and their employees are engaged in commerce.

33. Plaintiff and all similarly situated employees Technicians are victims of Defendants' uniform and company-wide policies and practices that violate the FLSA. Defendants violated the FLSA by, among other things, failing and refusing to pay their Technicians overtime pay, and misclassifying them as exempt from overtime and regularly and continuously requiring them to work more than 40 hours per week without compensating them for overtime pay at one-and-one half times their regular rates of pay.

34. In the course of perpetrating these intentionally unlawful practices, Defendants have also willfully failed to keep accurate records for all hours worked by its employees.

35. Based upon Mr. Cervantes' actual experience, and upon information and belief, these policies and practices, in violation of the FLSA, have been applied to all Technicians employed by Defendants nationwide.

36. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from the FLSA's overtime pay obligations. None of the FLSA exemptions apply to Plaintiff and the other similarly situated Technicians.

37. Plaintiff and all similarly situated employees are entitled to damages equal to the unpaid overtime pay within the past three-years, plus periods of equitable tolling, because

Defendants have acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

38. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. As a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages recovered in this action. Alternatively, Plaintiff and all similarly situated employees are entitled to an award of pre- and post-judgment interest at the applicable legal rates.

39. As a result of aforesaid willful violations of the FLSA's provisions, compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated Technicians. Accordingly, Defendants are liable pursuant to 29 U.S.C. § 216(b) for unpaid wages, together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**WHEREFORE**, Plaintiff, Daniel Cervantes ("Plaintiff" or "Mr. Cervantes"), by and through his undersigned counsel, individually and on behalf of all similarly situated Technicians, respectfully requests the entry of an Order granting judgment in his favor, and against Defendants, and for: 1) an Order certifying that Count I of this action may be maintained as a collective action and directing notice of the pendency and the ability to opt-in be send to potential Plaintiffs; 2) compensatory and statutory damages, liquidated damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, among other things, the unpaid balance of compensation owed by Defendants; 3) an Order enjoining Defendants from pursuing the unlawful policies, acts and practices complained of herein; 4) attorneys' fees pursuant to, among other things, 29 U.S.C. § 216(b); 5)

costs of this suit; 6) pre- and post-judgment interest; 7) such other and further relief as the Court

deems just and proper; 8) for such other and further relief as is appropriate under the

circumstances; and 9) Plaintiff hereby demands trial by jury.

**COUNT II**
**Violation of the FLSA – Minimum Wages**
**(Brought Against All Defendants by Plaintiff**
**Individually, and on Behalf of All Others Similarly Situated)**

40. Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1

through 35 above as if fully set forth herein as Paragraph 40 of Count II.

41. This claim arises out of Defendants' willful violation of the FLSA, 29 U.S.C. Sec. 201,

*et. seq.*, for failure to pay a minimum wage to Plaintiff and all of his similarly situated

Technicians.

42. The minimum wage provisions of the FLSA apply to Defendants and protect

Plaintiff and his similarly situated Technicians.

43. Pursuant to 29 U.S.C. § 206, Plaintiff and his similarly situated Technicians

were entitled to be compensated at the rate of $7.25 per hour.

44. 29 U.S.C. § 207(a) provides in pertinent part:

> ... no employer shall employ any of his employees who in any workweek is
> engaged in commerce or in the production of goods for commerce, or is employed in an
> enterprise engaged in commerce or in the production of goods for commerce for a
> workweek longer than forty hours unless such employee receives compensation for his
> employment in excess of the hours above specified at a rate of not less than one and one-
> half times the regular rate at which he is employed.

45. Defendants failed to pay Plaintiff and his similarly situated Technicians a minimum

wage throughout the relevant time period by failing to pay them for all of the work and services

that they provided to Defendants, as set forth above.

46. Based on the foregoing, Plaintiff and his similarly situated Technicians are entitled to

the full statutory minimum wages set forth in the FLSA for all relevant time periods, along with

9

all applicable penalties, liquidated damages, and other relief.

47. Defendants' conduct was intentional and willful and done to avoid paying minimum wages and the other benefits.

48. Defendants further violated the FLSA, and C.F.R.§516.2 and 29 C.F.R. §825.500 by intentionally failing to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each Technician each workday and total hours worked by each Technician each work week.

**WHEREFORE**, Plaintiff, Daniel Cervantes ("Plaintiff" or "Mr. Cervantes"), by and through his undersigned counsel, individually and on behalf of all similarly situated Technicians, respectfully requests the entry of an Order granting judgment in his favor, and against Defendants, and for: 1) an Order certifying that Count II of this action may be maintained as a collective action and directing notice of the pendency and the ability to opt-in be send to potential Plaintiffs; 2) compensatory and statutory damages, liquidated damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, among other things, the unpaid balance of compensation owed by Defendants; 3) an Order enjoining Defendants from pursuing the unlawful policies, acts and practices complained of herein; 4) attorneys' fees pursuant to, among other things, 29 U.S.C. § 216(b); 5) costs of this suit; 6) pre- and post-judgment interest; 7) such other and further relief as the Court deems just and proper; 8) for such other and further relief as is appropriate under the circumstances; and 9) Plaintiff hereby demands trial by jury.

## COUNT III
### Violation of the IMWL – Minimum Wages
### (Brought Against All Defendants by All Illinois Plaintiffs –Rule 23 Class Action)

49. Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1 through 23 above as if fully set forth herein as Paragraph 49 of Count III.

50. Plaintiff brings this Illinois Minimum Wage Law ("IMWL") claim as a Rule 23 class action on his own behalf, and on behalf of all other similarly situated current and former Technicians that worked for Defendants' commonly-owned and operated Retail Operations in the State of Illinois during the last three years before the filing of this suit.

***Class Allegations And Satisfaction Of Procedural Prerequisites To Class Treatment***

51. The members of the Rule 23 class actions are so numerous that joinder of all members is impracticable, and the disposition of their claims on a class-wide basis will benefit the members and the Court.

52. Upon information and belief, there are more than 40 Rule 23 class action members whose claims for unpaid minimum wages and overtime wages will be implicated by this suit.

53. The members of the Rule 23 class action are believed to be readily ascertainable from Defendants' payroll and employment records.

54. Plaintiff's claims are typical of those claims which could be alleged by any Rule class action member and the relief sought is typical of the relief which would be sought by each Rule 23 class action member.

55. All Rule 23 class action members were subject to Defendants' common policies and plans to deprive the employees of their minimum wages and overtime compensation.

56. Defendants paid no direct wages to Technicians for time spent, as described above, that they spent awaiting a ticket to be assigned to them to work on a ticket for a car, which was in violation of the IMWL.

57. Defendants also paid insufficient direct wages to Technicians for time spent working on tickets for cars because, as described above, they did not pay them for all of the labor/services that they performed – which was in violation of the IMWL.

58. Because of Defendants' actions, the wages actually paid to the Technicians reduced their wages below the minimum wage required by the IMWL.

59. Plaintiff and the Rule 23 class action members have sustained similar losses and damages as a direct and proximate result of Defendants' common wage and hour practices which violated the IMWL.

60. Plaintiff and the Rule 23 class action members have all been injured in that they have been deprived of minimum wages because of Defendants' common policies, practice, schemes, and plans.

61. Plaintiff is able to fairly and adequately represent the interests of the Rule 23 class action members and has no interest in conflict with class members.

62. Plaintiff is represented by attorneys who are experienced and competent in wage and hour litigation.

63. A class action is superior to other available methods for the fair and efficient adjudication of this matter where individual class members may lack the financial resources to prosecute a lawsuit against corporate defendants on a case-by-case basis.

64. Class action treatment of this case will allow a large number of similarly situated employees to prosecute their common wage and hour claims in a single forum at the same time, and without the unnecessary duplication of efforts and expenses involved in prosecuting these claims on an individual basis.

65. Because some of the losses or damages suffered by individual Rule 23 class members may be relatively modest on an individual basis, class action treatment will allow the

Rule 23 class action members to assert their claims and receive their unpaid compensation in the most efficient way possible.

66. The prosecution of individual claims by Rule 23 class members would create the potential for inconsistent or contradictory adjudications which could adversely affect the class members' claims or unfairly impair their rights to recover unpaid wages.

67. The issues in this case can be decided by means of common, class-wide proof.

68. Class action treatment of these claims, as opposed to prosecuting them on an individual basis, will require less judicial and public resources and lead to a less costly adjudication of the class members' claims.

69. This action is also properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

70. Common questions of law and fact predominate over any questions impacting

them on an individual basis and include, but are not limited to, the following:

(a) Whether the Defendants violated the IMWL failing to pay them minimum wages and

overtime compensation due under that statute;

(b) Whether Defendants paid Plaintiff and other Rule 23 class action members minimum

wages as required by the IMWL;

(c) Whether Defendants paid Plaintiffs and other Rule 23 class members at one and

one-half times their regular hourly rates of pay when they worked more than 40    hours

in an individual workweek.

***IMWL Allegations***

71. During the last three years before the filing of this suit, Plaintiff was *not* exempt

from the minimum wage provisions of the IMWL, 820 ILCS § 105/1, *et. seq.*

72. During the course of Plaintiff's employment, Defendants employed other Technicians

in the State of Illinois who were similarly *not* exempt from the minimum wage provisions of the

IMWL.

73. During the last three years before the filing of this suit, Plaintiff, and each of his

similarly situated class Technician class members, was an "employee" under the IMWL, 820

ILCS § 105/3(d).

74. During the last three years before the filing of this suit, each of the Defendants was

an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

75. Pursuant to the IMWL, 820 ILCS § 105/4, Defendants were obligated to pay

Plaintiff and his similarly situated Technicians no less than the state minimum wage for each

hour worked.

76. By their actions as described above, Defendants violated the IMWL.

**WHEREFORE**, Plaintiff, on behalf of himself and all other Plaintiffs similarly

situated, known and unknown, respectfully request the entry of judgment against each of the

Defendants, and granting relief, including but not limited to the following: 1) judgment in the

amount of unpaid minimum wages found due and owing; 2) statutory interest damages in the

amount of two percent (2%) per month of the amount of underpayments; 3) reasonable attorneys'

fees and costs incurred in filing and prosecuting this action; 4) for such other and further

relief as is appropriate under the circumstances; and 5) Plaintiff hereby demands trial by jury.

### COUNT IV
**Violation of the Illinois Minimum Wage Law – Overtime Wages**
**(Brought Against All Defendants by All Illinois Plaintiffs –Rule 23 Class Action)**

77. Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1

through 23, and 50 through 70 above as if fully set forth herein as Paragraph 77 of Count IV.

78. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other non-

exempt Technicians worked more than 40 hours, Defendants were obligated to pay them at a rate

of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

79. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week - as described above - constitutes a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request the entry of judgment against each of the Defendants, and granting relief, including but not limited to the following: 1) judgment in the amount of unpaid overtime compensation due and owing at the rate of one and one-half times Plaintiffs' hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week; 2) statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments; 3) reasonable attorneys' fees and costs incurred in filing and prosecuting this action; 4) for such other and further relief as is appropriate under the circumstances; and 5) Plaintiff hereby demands trial by jury.

**RESPECTFULLY SUBMITTED,**

By: **Michael I. Leonard**
**Counsel for Plaintiff**

**LEONARDMEYER LLP**
Michael I. Leonard
Derek J. Meyer
Rebeca Chacko
120 North LaSalle St., Suite 2000
Chicago, Illinois 60602
(312)380-6659 (direct)
(312)264-0671 (fax)
mleonard@leonardmeyerllp.com

15
